UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| JUDITH YARRINGTON, ELIZABETH CRAGAN, JULIA CRAIGHEAD and CAROLYN GREEN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SOLVAY PHARMACEUTICALS, INC.,<br><br>    Defendant. | No. 09-cv-02261 (RHK/RLE) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

Defendant Solvay Pharmaceuticals, Inc. ("Solvay"), pursuant to Federal Rule of Civil Procedure 23(e), hereby files this Memorandum of Law in Support of Plaintiffs' Motion for (1) preliminary approval of class action settlement; (2) provisional certification of settlement class, as discussed in plaintiffs' memorandum of law; (3) approval and distribution of notice of settlement; (4) approval of schedule for the final settlement approval process; and (5) issuance of related orders.

**I. INTRODUCTION**

Solvay has entered into a settlement with Plaintiffs resolving this litigation.  The proposed terms are fair, reasonable, and adequate as to the Settlement Class Members and made in good faith after more than five years of hard-fought, highly contested litigation, arms-length negotiations, and two formal mediations.  On the basis of an informed assessment of the dispute,

Solvay requests the Court's preliminary approval of this settlement and issue related orders.[1]

The Settlement Class is defined as follows:

All natural persons who purchased Estratest or Estratest H.S. in any state of the United States of America other than the State of California between March 8, 1998 and the date notice is first disseminated pursuant to the Notice Plan. The "Settlement Class" excludes: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendant's officers, directors, and employees; (iv) Defendant's attorneys; (v) Plaintiffs' attorneys; (vi) Judge Timothy J. McManus and the members of his staff and immediate family; and (v) Judge Richard H. Kyle and the members of his staff and immediate family.

The principal points of the settlement are as follows: *First*, Solvay will pay a cash sum of $16.5 million (the "Settlement Fund") that will be deposited into a custodial or investment account ("Account") for the benefit of the Settlement Class, for the costs of notice, claims administration, awards to Named Plaintiffs and attorneys' fees and costs. The cash settlement is non-recapture, i.e., it is not a claims-made settlement. Solvay will have no ability to get back any of the settlement monies unless the settlement should not attain the final settlement date or should otherwise fail in any respect. *Second*, any and all monies remaining in the Settlement

---

[1] As set forth in the Settlement Agreement, Solvay is agreeing to certification of the proposed Settlement Class solely for purposes of facilitating the Settlement and does not, by doing so, in any way agree or concede that a litigation class would meet the requirements of Rule 23 of the Federal Rules of Civil Procedure or otherwise be appropriate for certification. Solvay has previously filed an opposition to Plaintiffs' motion for class certification and does not abandon or modify its position regarding certification of a litigation class by entering into a settlement. To the contrary, Solvay reserves its rights to assert all available arguments against certification of a litigation class in the event that the Settlement does not attain final approval and become effective, as well as in any other action. Plaintiffs and their counsel have acknowledged in the Settlement Agreement that Solvay's reservation of right to contest the propriety of class certification is of the essence to Solvay's entering into a settlement and that Solvay would not have settled if it prejudiced its ability to oppose certification if the settlement should not attain the Effective Date.

Fund after distributions are made will be distributed *cy pres* to appropriate charitable or nonprofit

organizations or foundations to be recommended by Settlement Class Counsel and approved by

this Court.  **Third**, notice of the proposed settlement will be published in major publications and

posted on a settlement website. **Fourth**, Plaintiffs and the Settlement Class will release Solvay

from all claims, whether known or unknown, relating to any and all manner of non-personal

injury claims or liabilities that have been or could have been asserted regarding Solvay's

marketing, advertising and sales of Estratest and Estratest H.S. (collectively "Estratest")..

This settlement is eminently reasonable.  The Court should preliminarily approve it;

authorize the form and manner of notice and claims administration, set the matter for a final

hearing and issue related orders

## II.     STATEMENT OF THE CASE

Solvay adopts the "STATEMENT OF THE CASE" set forth in section II of Plaintiffs'

Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class

Action Settlement.

## III.    SUMMARY OF THE SETTLEMENT TERMS AND THE NOTICE PLAN

Solvay adopts the "SUMMARY OF THE SETTLEMENT TERMS AND THE NOTICE

PLAN" set forth in section III of Plaintiffs' Memorandum of Points and Authorities in Support

of Motion for Preliminary Approval of Class Action Settlement.

## IV.    ARGUMENT

### A.      This Settlement Merits Preliminary Approval

Although the Eighth Circuit has not yet expressly established the standard for preliminary

approval of a class settlement, in Petrovic v. Amoco Oil Co., 200 F.3d 1140 (8th Cir. 1999), the

court did explain that where the parties have actively litigated a matter prior to proposing a class

action settlement, the district court's review of the settlement should be limited to considering whether the settlement is "fair, reasonable and adequate." The Eighth Circuit has identified four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. In re UnitedHealth Group Inc. Shareholder Derivative Litigation, --- F.Supp.2d ----, 2009 WL 1929308 at *2 (D.Minn. Jul. 6, 2009). (citing In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir.2005)). Of these, the most important is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement." Id. at *2. "Although a trial court must consider the terms of a class action settlement to the extent necessary to protect the interests of the class, [j]udges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel. Petrovic, 200 F.3d at 1148-49.

Here, the terms of the Settlement easily satisfy a preliminary determination of their fairness, reasonableness and adequacy. The settlement reflects the arm's length negotiations between the parties, the informed judgment of the Parties based upon the history of vigorous, contested litigation, the Parties' review of discovery responses, documents produced during the litigation, depositions of key Solvay personnel and the state of the law. The settlement treats Settlement Class Members fairly, reasonably and adequately by providing prompt and certain relief to Settlement Class Members who complete an easy-to-understand Claim Form. The settlement is non-recapture so if there are any funds remaining at the end of the Claim Period, the Parties will return to the Court and make a recommendation for a *cy pres* distribution. Further, the Settlement Agreement minimizes the expense and complexity inherent in litigating an

individual claim and is intended to provide timely relief, something the Settlement Class

Members may not otherwise realize if this case were to proceed to trial.  This Court should

preliminarily approve the Settlement Agreement, which will afford substantial relief to the

Settlement Class, is not the product of fraud or collusion, and is within the preliminary range of

possible fairness, reasonableness and adequacy.

**B.**     **The Court Should Schedule a Final Fairness Hearing and Authorize the Dissemination of Notice**

Since the settlement satisfies the preliminary standards, the Court should, pursuant to

Fed. R. Civ. P. 23, authorize the dissemination of notice, approve the notice plan, approve the

notices, appoint the Settlement and Notice Administrators, set the date and time for the Final

Fairness hearing, and set related dates and deadlines.

As set forth more fully in Plaintiffs' Motion, the publication of the Publication Notice in

leading newspapers, the use of a stand-alone web site that will contain relevant settlement-related

materials, and the use of a toll-free telephone number to provide information about the

settlement, amount to "the best notice that is practicable under the circumstances."[2] Fed. R. Civ.

P. 23(c)(2)(B).  The proposed Long Form Notice and Publication Notice comply with the seven

subparts listed in Fed. R. Civ. P. 23(c)(2)(B) ("The notice must clearly and concisely state in

plain, easily understood language" information about the settlement).  The Long Form Notice

and attached Claim Form were prepared by Settlement Class Counsel and Solvay's Counsel.

These notices clearly and concisely inform the Settlement Class, in plain, easily understood

---

[2] Providing Due Process-compliant notice to the Settlement Class also allows the Court to obtain jurisdiction over absent Settlement Class Members.  See In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 306 (3d Cir. 1998) ("In the class action context, the district court obtains personal jurisdiction over the absentee class members by providing proper notice of the impending class action [settlement] and providing the absentees with the opportunity to be heard or the opportunity to exclude themselves from the class").

language, about the nature of the litigation and the Settlement Agreement and also explain: (i) who is a Settlement Class Member; (ii) the terms and benefits of the Settlement Agreement and how the settlement would provide relief to Settlement Class Members; (iii) the binding effect of the Settlement Agreement on Settlement Class Members; (iv) the right of Settlement Class Members to opt out of the settlement; (v) the opt-out procedures and deadlines; (vi) the right of any Settlement Class Member to object to the settlement in writing and appear at the Final Fairness Hearing, and the procedures and deadlines for making objection(s) and appearing at the Final Fairness Hearing; (vii) the date, time, and place of the Final Fairness Hearing; (viii) how Settlement Class Members can get additional information about the Settlement Agreement and their rights thereunder; and (ix) Settlement Class Counsel's request for attorney's fees and expenses.  Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-812 (1985) (requiring absent Settlement Class members to be given the opportunity to opt out or be heard in order to be bound by a Settlement Class action settlement).

The Publication Notice also provides substantially similar information in a more concise format.  Both the Long Form Notice and Publication Notice comply with the Federal Judicial Center's illustrative notices.  This is plainly sufficient notice to the Settlement Class. Accordingly, the Court should authorize the dissemination of notice, approve the notice plan, approve the notices, appoint the proposed Notice and Settlement Administrators, set the date and time for the Final Fairness Hearing, and set related dates and deadlines, in compliance with the requirements of Fed. R. Civ. P. 23.

### C.    This Court Should Issue a Preliminary Injunction

The rights and interests of Settlement Class Members and the jurisdiction of the Court will be impaired if, during the notice period, parallel actions alleging virtually identical claims to

those asserted in the instant action were allowed to be filed and then to proceed.[3]  It is imperative

that Settlement Class Members be allowed to evaluate their options under the settlement without

receipt of potentially confusing competing notices or communications.  To avoid this confusion

and to protect the rights and interests of Settlement Class Members as well as the Court's own

jurisdiction, the Court should issue a preliminary injunction pending final approval of the

settlement, enjoining Settlement Class Members and their representatives from pursuing claims

that are similar to those alleged in this Action and the Related Action.

        This Court has the authority to issue the requested injunction under the All Writs Act, 28

U.S.C. § 1651(a), and the exceptions to the Anti-Injunction Act, 28 U.S.C. 2283.  The All Writs

Act permits this Court to issue "all writs necessary or appropriate in aid of [its] jurisdiction[] and

agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Act permits a federal

district court to protect its jurisdiction by enjoining parallel actions by settlement class members

that would interfere with the court's ability to oversee a class action settlement.  Hanlon v.

Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998) ; see also In re Piper Funds, Inc.

Institutional Government Income Portfolio Litigation, 71 F.3d 298, 300 n. 2 (8th Cir.1995) ("The

district court based its injunction on the All Writs Act, 28 U.S.C. § 1651, which has been

invoked by federal class action courts to enjoin persons not within the court's jurisdiction from

frustrating a court order or court-supervised settlement. See, e.g., In re Baldwin-United Corp.,

770 F.2d 328, 335-38 (2d Cir.1985). We agree with the district court that it has the power, under

Fed.R.Civ.P. 23 augmented by the All Writs Act, to control conduct by absent class members

---

[3] Solvay has also entered into a settlement with California purchasers of Estratest.  The
California settlement is separate from the within settlement and the Parties are not asking this
Court to enjoin the activities of the California settlement class, which is the subject of a separate
preliminarily approved settlement.

that affects management or disposition of the class action.  [The] exercise of this power must be "agreeable to the usages and principles of law § 1651(a)[.]").  The Court may issue an injunction as soon as "the litigation reaches the settlement stage" in order to "effectuate a final settlement."  In re Mexico Money Transfer Litig., Nos. 98-C-2407 and 98-C-2408,1999 1999 WL 1011788, at *3 (N.D. Ill. Oct. 19, 1999).

Courts have recognized that injunctions against filed parallel actions may be particularly appropriate in the context of complex litigations, which "makes special demands on the court that may justify an injunction otherwise prohibited."  In re Diet Drugs, 282 F.3d 220, 235 (3d Cir. 2002) (affirming issuance of an injunction, after conditional certification and before the fairness hearing, preventing the mass opt out of Settlement Class members pursuing a parallel Texas state court action).  Moreover, within the context of complex litigation, "[t]he threat to the federal court's jurisdiction posed by parallel state actions is particularly significant where there are conditional Settlement Class certifications and impending settlements in federal actions."  Id. at 236 (citing Carlough v. Amchem Products, Inc., 10 F.3d 189, 203 (3d Cir. 1993)).  Where, as here, substantial negotiations have progressed to the point of settlement, competing actions, if they are filed, and communications would jeopardize the realization of a nationwide settlement, interfere with this Court's ability to manage the settlement, and potentially confuse Settlement Class Members to the point where it would "cause havoc."  Id. at 204.

Courts may also issue a preliminary injunction pursuant to the "necessary in aid of" exception to the Anti-Injunction Act.  28 U.S.C. § 2283.  This exception allows a federal court to effectively prevent its jurisdiction over the settlement from being undermined by pending parallel litigation in state courts.  See In re Asbestos School Litig., No. 83-0628, 1991 U.S. Dist. LEXIS 5142, at *4 (E.D. Pa. Apr. 16, 1991), aff'd mem., 950 F.2d 723 (3d Cir. 1991).  In

addition, another exception to the Anti-Injunction Act permits courts to issue injunctions where it

is necessary 'to protect or effectuate [a court's] judgment[].'" <u>Id.</u> at *3.

In <u>Liles v. Del Campo</u>, 350 F.3d 742, 746-47 (8th Cir. 2003), the Eighth Circuit affirmed

a preliminary injunction of parallel litigation, reasoning as follows:

> The district court enjoined proceedings in related litigation to
> preserve the settlement fund, to eliminate the risk of inconsistent or
> varying adjudications that would deplete the fund, to avoid
> confusion among the class members, and to save scarce judicial
> resources. The court acted within its discretion in issuing the
> injunction because enjoining related litigation was necessary to
> ensure the enforceability of the order approving the preliminary
> settlement and to prevent further draining of the limited settlement
> fund. As the district court found, neither settlement nor notification
> of class members could be achieved if the settlement fund were
> eaten up by litigation in other courts. Without enjoining related
> litigation, the court ran the risk of undermining the settlement that
> had been negotiated and preliminarily approved and of exhausting
> the only asset available for class recovery. We conclude that the
> court did not abuse its discretion in enjoining related litigation.

Federal district courts have issued similar injunctions in other Settlement Class action

settlements. <u>See, e.g.</u>, <u>In re Diet Drugs</u>, 282 F.3d at 235; <u>In re Prudential Ins. Co. of Am. Sales</u>

<u>Practices Litig.</u>, 962 F. Supp. 450, 487-88 (D.N.J. 1997), <u>aff'd</u>, 148 F.3d 283 (3d Cir. 1998), <u>cert.</u>

<u>denied, sub nom.</u>, <u>Johnson v. Prudential Ins. Co. of Am.</u>, 525 U.S. 1114 (1999); <u>In re Baldwin-</u>

<u>United Corp.</u>, 770 F.2d 328, 338 (2d Cir. 1985); <u>In re Synthroid Marketing Litig.</u>, 197 F.R.D.

607, 610 (N.D. Ill. 2000).

The Court should issue a preliminary injunction pursuant to the All Writs Act and the

exceptions to the Anti-Injunction Act.  The notice plan and notice materials will be disseminated

to the Settlement Class and will discuss the terms of the proposed settlement and their rights as

Settlement Class Members.  Accordingly, this Court should issue a preliminary injunction to

permit Settlement Class Members to review the notice materials and assess their options without any distractions engendered by the filing and prosecution of competing actions.

## V.   CONCLUSION

For the foregoing reasons, Solvay respectfully requests that this Court: (i) preliminarily certify a Settlement Class for settlement purposes only; (ii) preliminarily approve the proposed settlement, including the Settlement Agreement and accompanying Exhibits; (iii) approve the notice plan and authorize the dissemination of notice; (iv) appoint the proposed Notice and Settlement Administrators; (v) set dates and procedures for a Final Fairness Hearing on the proposed settlement; (vi) set forth procedures and deadlines for Settlement Class Members to request exclusion from the Settlement Class, to file objections and to appear at the Final Fairness Hearing; (vii) issue a preliminary injunction barring and enjoining certain persons from prosecuting other proceedings alleging claims similar to the claims asserted by the Plaintiffs in this action; and (viii) issue related orders.


DATED:  September 15, 2009.          s/ Michael A. Lindsay
                                     Michael A. Lindsay (#163466)
                                     DORSEY & WHITNEY LLP
                                     Suite 1500
                                     50 South Sixth Street
                                     Minneapolis, MN 55402-1498
                                     Telephone:  (612) 340-2600
                                     Facsimile:  (612) 340-2868

                                     David E. Stanley (*admitted pro hac vice*)
                                     REED SMITH LLP
                                     355 S. Grand Avenue
                                     Suite 2900
                                     Los Angeles, CA  90071
                                     Telephone:   (213) 457-8000
                                     Facsimile:   (213) 457-8080

                                     *Counsel for Solvay Pharmaceuticals, Inc.*