UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDITH YARRINGTON, ELIZABETH CRAGAN, JULIA CRAIGHEAD and CAROLYN GREEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLVAY PHARMACEUTICALS, INC.,<br><br>Defendant. | No. 09-CV-2261 (RHK/RLE)<br><br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE, AND APPROVAL OF FORMS AND METHODS OF NOTICE** |

WHEREAS, this Court has reviewed the Settlement Agreement and Release ("Settlement Agreement") in the above-referenced Action, together with all exhibits thereto, the record in this case, and the arguments of counsel:

Having considered the papers filed by the parties, and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Parties before it pursuant to 28 U.S. C. § 1332.

2. The Court, for purposes of this Order Granting Preliminary Approval of Settlement Agreement and Release, and Approval of Forms and Methods of Notice

("Preliminary Approval Order"), adopts the terms and definitions set forth in the Settlement Agreement as modified herein.

3. All non-settlement related proceedings in the Action are hereby stayed and suspended until further order of this Court.

4. The proposed Settlement set forth in the Settlement Agreement is hereby preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Settlement Class.

5. The Settlement Class shall consist of all natural persons who purchased Estratest in any state of the United States of America other than the State of California between March 8, 1998 and the date notice is first disseminated pursuant to the Notice Plan. The "Settlement Class" excludes: (i) all persons who timely and validly request exclusion from the Settlement Class; (ii) Defendant's officers, directors, and employees; (iii) Defendant's attorneys; (iv) Plaintiffs' attorneys; (v) Judge Timothy J. McManus and the members of his staff and immediate family; and (vi) Judges Richard H. Kyle and Raymond L. Erickson, and the members of their staff and immediate family.

6. Judith Yarrington, Elizabeth Cragan, Julia Craighead and Carolyn Green are designated as representatives of the conditionally certified Settlement Class. The law firms of: (a) Lieff, Cabraser Heimann & Bernstein LLP and (b) Gustafson Gluek PLLC, whom the Court preliminarily finds are experienced and adequate counsel, are hereby designated as Settlement Class Counsel.

7. The Settlement notice and distribution process shall be administered by an independent settlement administrator ("Settlement Administrator"). The Court hereby appoints Rust Consulting as Settlement Administrator.

8. The Settlement Agreement provides that Defendant Solvay Pharmaceuticals, Inc. (hereinafter "Defendant") shall pay a cash sum of $16,500,000 (sixteen million five hundred thousand dollars) in full settlement of the claims of the Named Plaintiffs and the Settlement Class (the "Settlement Fund"). In accordance with the Settlement Agreement, Defendant shall deposit the Settlement Fund into a custodial or investment account ("Account") within fifteen (15) days following entry of this Order.

9. The Settlement Fund shall be placed in the custodial or investment account ("the Account") for the benefit of the Settlement Class. The Account shall be titled in the name of "Estratest Consumer Litigation Settlement Fund." Defendant's counsel and designated counsel from the Settlement Class Counsel, jointly but not severally, shall control any disbursement or transfer of the Settlement Fund until the attainment of the Effective Date (subject to the Court's oversight). The Court has reviewed the Depository Agreement governing the Account and finds it to be proper in all respects.

10. The Settlement Fund is established by this Court consistent with Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq.* and is subject to continuing jurisdiction of this Court. The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities. The assets of the Settlement Fund are segregated from other assets of

the Defendant, the transferor of payments to the Settlement Fund. If the Settlement does not receive final judicial approval (does not attain the Effective Date as defined in the Settlement Agreement), all remaining funds shall be transferred back to Defendant, as it instructs, less the amounts paid for claims administration and notice. The Settlement is non-recapture, meaning the Defendant shall have no ability to get back any of the Settlement Fund unless the Settlement fails to attain the Effective Date or should otherwise be terminated as set forth in the Settlement Agreement.

11. The Notice of Pendency and Proposed Settlement of Class Action ("Long Form Notice"); the Publication Notice of Settlement ("Notice"); and the Claim Form ("Claim Form"), which are attached to the Settlement Agreement as Exhibits B, C and A, respectively, are hereby approved as to form.

12. Within ten (10) days of entry of this Order, the Settlement Administrator shall cause a copy of the Publication Notice of Settlement to be published as set forth in the Notice Plan described in the Settlement Agreement and the Plaintiffs' Memorandum in Support of Preliminary Settlement Approval. Not later than seven (7) days before the Final Fairness hearing, the Settlement Administrator shall cause proof of the publication of the Publication Notice to be filed with the Court.

13. Not later than five (5) days prior to the publication of the first published Notice described above, the Settlement Administrator shall cause a copy of the Settlement Agreement to be posted and available for download on the settlement website, www.estratestsettlement.com. The Settlement Website will set forth the following information: (a) the full text of the Settlement Agreement; (b) a Long-Form Notice; (c)

the Preliminary Approval Order and other relevant orders of the Court; and (d) contact information for Settlement Class Counsel and the Settlement Administrator. Nationwide access to the Settlement Website will be ensured via the following methods: (i) the Settlement Website will be registered with Google so that appropriate queries on Google will yield a link to the Settlement Website; and (ii) the Publication Notice will reference the Settlement Website. Not later than seven (7) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court.

14.    The Court finds that the forms of notice to the Settlement Class regarding the pendency of the Action, this Settlement, Settlement Class Counsels' fee and expense application, Named Plaintiffs' service awards, and the methods of dissemination to members of the Settlement Class are in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of the laws of the United States of America, including but not limited to the United States Constitution, and any other applicable law.

15.    A hearing (the "Final Fairness Hearing") shall be held by the Court on February 10, 2010 at 9:00 a.m., in Courtroom 7A, at the United States District Courthouse, 316 North Robert Street, 100 Federal Building, St. Paul, MN 55101, to consider and determine whether the proposed Settlement of the Action on the terms as set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class members; whether Settlement Class

Counsels' fee and expense application, included as part of the Settlement, should be approved; and whether the Final Judgment approving the Settlement Agreement and Release should be entered.

16. The Final Fairness Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

17. Requests by any Settlement Class Member to be excluded from the Settlement Class may be made by sending a written request for exclusion to the Settlement Administrator. The Settlement Class Member's opt-out request must contain the Settlement Class Member's original signature, current postal address and telephone number, and the last four digits of the Settlement Class Member's Social Security number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. Opt-outs must be postmarked no later than forty-five (45) days from the last Publication Notice, as certified by the Settlement Administrator to the Court.

18. Objections by any Settlement Class Member who does not opt out to: (A) the proposed Settlement contained in the Settlement Agreement and described in the Long Form Notice and Publication Notice; (B) the payment of fees and expenses to Settlement Class Counsel; and/or (C) entry of the Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Fairness Hearing only if, no later than forty-five (45) days after the last Publication Notice, as certified by the Settlement Administrator to the Court, such objector files with

the Court a notice of his, her or its objections, submits documentary proof that he, she or it is a member of the Settlement Class, states the basis for such objections, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Parties identified in the Long Form.

19.     At least ten (10) days prior to the date initially set for the Final Fairness Hearing, the Plaintiffs and Defendant shall file all papers in support of the application for final approval of the Settlement, and Plaintiffs shall also file, the application for payment of attorneys' fees, expenses, and service awards, and shall serve copies of such papers upon each other and upon any objectors who have complied with the provisions of this Order. At least five (5) days prior to the date initially set for the Final Fairness Hearing, the Plaintiffs and Defendant shall file all replies to objections, and shall serve copies of same upon each other and upon any objectors who have complied with the provisions of this Order.

20.     Settlement Class Members who wish to claim a payment must mail their Claim Form by no later than 120 days after the final Publication Notice. Settlement Class Members may request a Claim Form by calling a toll-free number established by the Settlement Administrator and published in the Notice. Once that Request has been received by the Settlement Administrator, the Settlement Administrator shall have no more than three (3) business days to mail the Claim Form to the requesting Settlement Class Member.

21.     Settlement Class Members may also submit claims via the internet by no later than 120 days after the final Publication Notice. The electronic registration form

shall require only the Settlement Class Member's name, current postal address, current telephone number, the last four digits of the Class Member's Social Security number, and an affirmative acknowledgement that the Settlement Class Member is submitting her Claim Form under penalty of perjury to the best of her knowledge and belief.

22. The Settlement Administrator shall have the authority to determine whether any claim submitted by a Settlement Class Member is complete and timely. Any appeal of a claim decision shall be made to this Court. Any Settlement Class Member whose claim is rejected shall be barred from receiving any payment from the Settlement Fund, but shall in all other respects be bound by the terms of this Settlement Agreement and by a Final Approval Order entered in this Action.

23. The Settlement Administrator shall notify, in a timely fashion, any Settlement Class Member whose Claim Form has been rejected, setting forth the reasons therefore. The Settlement Administrator shall timely provide copies of all rejection notices to Settlement Class Counsel and to Defendant's Counsel.

24. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

25. Pursuant to Fed. R. Civ. P. 65, and pending this Court's final determination of whether the proposed Settlement will be approved, each and every member of the Settlement Class, and anyone acting by or through them or on their behalf, is barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, any action against Defendant that relates to purchases of Estratest in states other than

California that asserts any claims or causes of action relating to Defendant's marketing, advertising and sale of Estratest and/or Estratest H.S., including any alleged representations or omissions by Defendant regarding the regulatory status of Estratest. The Court finds that this injunction is necessary to allow for the orderly administration of the settlement process.

26. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, is to be construed as an admission or concession by Defendant of the truth of the allegations in the action or the Related Action, or of any liability, fault or wrongdoing of any kind.

27. The Court retains jurisdiction to consider all further applications and motions arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, without further notice to the Settlement Class.

Dated: September 18, 2009         s/Richard H. Kyle
                                  The Honorable Richard H. Kyle
                                  United States District Court Judge