## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JUDITH YARRINGTON, et al<br>    Plaintiffs | )<br>)<br>) | Case no. 09-cv-2261 (RHK/RLE) |
| vs. | )<br>) | |
| SOLVAY PHARMACEUTICALS, INC | )<br>) | |
|     Defendant | )<br>)<br>)<br>) | OBJECTIONS |

NOW COMES Lee M. Sweeney, an individual residing at 1057 Parkside Dr. Lakewood, Ohio 44107 (telephone number (216) 521-6419) who is a member of the Class herein because she purchased ESTRATEST on or after March 8, 1998, by and through the undersigned counsel, and hereby files these objections to the Proposed Settlement.

### MEMBERSHIP IN CLASS

Ms. Sweeney ("Objector") purchased Estratest during the Class period as is evidenced by the affidavit attached hereto as Exhibit A.

### NOTICE OF INTENT TO APPEAR

Objector hereby notifies this Honorable Court that she will appear, through counsel, at the Fairness Hearing currently scheduled for 9:00 A.M on February 10, 2010 before the Honorable Richard H. Kyle in Courtroom 7A at the United States District Courthouse, 316 North Robert Street, St. Paul. Minnesota, 55101.

### SUMMARY OF OBJECTIONS

The proposed Settlement Agreement is not fair, reasonable or adequate for several reasons. Chief among them is the fact that Class Counsel is requesting a fee of up to thirty-three and one-third percent (33.3%) of the Gross Settlement fund (or 3 times their lodestar) as their fee plus reimbursement of out of pocket expenses and a portion of any accrued interest. This is objected to because 1) the percentage is too great for a Settlement of this size; 2) Class Counsel has not submitted their time records so there is no way to calculate how many dollars is equal to "three times lodestar;"3) they have not submitted their expense report so there is no way to know if the amounts requested are properly reimbursable; 4) they should not be entitled to a portion of the interest that has accrued because that money belongs to the Class, not to Class Counsel, and 5) their fee should be calculated on the Net Settlement, not the Gross Settlement Fund.

1. <u>VIOLATION OF FED. R. CIV. P. 23(h)</u>

The Notice provided that any objections to the Settlement were to be filed on or before January 2, 2010. However, as of the date that these objections are filed, December 31, 2009, no fee petition has yet been filed. Therefore it is difficult for a class member to object to a Motion for Fees since one has not yet been filed. This puts Objector and all other members of the Class in a logically untenable position. They are required to object to a Motion before it has even been filed. The Objector is in the awkward and impossible position of objecting to a Motion for Fees prior to the time that the motion is filed. Under Fed. R. Civ. P 23(h)(2), the Motion for Fees should be filed prior to the time of the objection deadline.

Rule 23(h), Fed.R.Civ.P. provides:
(h) Attorney's Fees and Nontaxable Costs.

2

> In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
> (1) A claim for an award must be <u>made by motion</u> under <u>Rule 54(d)</u>(2), subject to the provisions of this subdivision (h), at a time the court sets. <u>Notice of the motion must be</u> served on all parties and, for motions by class counsel, <u>directed to class members in a reasonable manner.</u>
> (2) <u>A class member</u>, or a party from whom payment is sought, <u>may object</u> to the motion.
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under <u>Rule 52(a)</u>.
> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in <u>Rule 54(d)</u>(2)(D) (emphasis added).

This Rule has three elements or conditions precedent to having a hearing on a fee request: the request for fees must be by motion; 2) notice of the motion must be directed to class members in a reasonable manner; and 3) class members must have an opportunity to object. None of these elements have been complied with in this case. Therefore, the hearing on the Fee Request must be rescheduled.

Rule 23 (h) (2) expressly provides that a class member "may object to the **motion**." In order to object to the "motion," the class member must first read the motion and thereby understand the asserted factual and legal basis for the legal fees being sought in the motion. Only then can the class member make a well informed, sensible and usable objection to the actual fees being sought. In fact, until a class member actually sees the motion for fees, he does not even know the **exact amount** of the fees being sought. Therefore, it is disingenuous, unfair, unreasonable and unlawful under Rule 23 (h) (2) to require the class members to file their written objections to the attorneys fees at a time when the attorney fee motion has not even been filed. For the foregoing reasons, Objector reserves the right to object to the Motion for Fees **after** it has been filed.

2. <u>ATTORNEYS FEES ARE EXCESSIVE</u>.

It is impossible to know whether the requested fees are reasonable or not without having an opportunity to review the (as-yet-unfiled) Motion for Fees. One doesn't know the number of hours expended, by whom the time was expended (*i.e.* partner, associate, of counsel or contract attorney), the hourly rate charged and whether or not an *ex-ante* fee agreement existed between Class Counsel and the Class representatives.

The hourly rate charged is particularly important. In a much more complex multi-district matter, the Honorable James M. Rosenbaum of this Court recently capped the hourly rates for Plaintiffs' counsel at $400 per hour for attorneys and $150 for paralegals, *In re: Guidant Corp. Implantable Defibrillators Product Liability Litigation,* (MDL 05-1708 D. Minn. 2008). Plaintiff's Fee Application must be scrutinized so that the hourly fees requested are "in line with those charged by lawyers of similar skill and experience in the Twin Cities Area." *Id.*

Under both federal and Minnesota law, the starting point in determining the reasonableness of the requested fee is to arrive at a lodestar figure by multiplying "the number of hours ***reasonably*** expended on the litigation" by "a ***reasonable*** hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added); *Milner Farmers Ins. Exch.,* 748 N.W.2d 608, 620-621 (Minn. 2008). The Court must exclude hours not "reasonably expended," as well as "excessive, redundant, or otherwise unnecessary" hours. *Hensley,* 461 U.S. at 434; <u>see also</u> *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). This again only emphasizes the disadvantage at which the objector is placed. It is like she is fighting with one hand tied behind her

back. She has no idea of the basis of the fee request, but Class Counsel and defense counsel are all aware of any objections that are filed, and, indeed according to the Settlement Agreement (paragraph VII E. (1)) are obligated to exchange such information with each other. In fact, Class Counsel has up to a month after receipt of all objections to tailor their time report in such a way as to answer any objections, but the objectors have only a few days or a few weeks in which to review what could be a voluminous filing in order to make proper objections after a review of the time reports..

3.  LODESTAR MULTIPLIER IS EXCESSIVE

Class Counsel has indicated that the fee they will request is going to be either 1/3 of the Gross Settlement or an amount that is equal to three (3) times their lodestar. Objector believes that any multiple higher than two (2) calls for careful scrutiny by this Honorable Court in its position as a fiduciary for the Class.

The Eighth Circuit has yet to offer guidance to practitioners concerning what constitutes an acceptable multiplier in Class Action litigation. The only reported cases in which that Court has spoken concerning multipliers for attorneys' fees came, not in a common fund cases, but rather in the context of an antitrust case, *International Travel Arrangers, Inc. v. Western Airlines, Inc.* 623 F. 2d 1255 (8th Circuit 1980), and in the context of a bankruptcy appeal, *In re: Apex Oil Company,* 297 F 3d 712 (8th Circuit 2002). In *International Travel,* the court found that a multiplier of 1.5 times the lodestar for local counsel's time was excessive and disallowed it.

In *Apex Oil,* the court recalculated an attorney's fee that had been awarded in a bankruptcy proceeding and reduced the requested multiplier from 2.3 to 1.2

5

A multiplier of 3 is certainly on the upper boundary of what should be acceptable and calls for careful investigation by the Court, possibly aided by Objectors' counsel.

4. REQUIRING ATTENDANCE AT THE FAIRNESS HEARING VIOLATES DUE PROCESS.

It is a basic tenet of federal class action jurisprudence that all Class Members must be notified of the basic terms of the settlement agreement, the time and place of the Fairness Hearing, and be given an opportunity to object to any part of the Settlement Agreement with which they disagree. The Notice provides that if one files an objection, "the Court will not considerate it unless [the objector] attend[s] the Fairness Hearing." Notice ¶ 17. This violates the very concept of due process since it does not allow a person, such as the Objector, to rely exclusively on her written objections but forces her to spend money for a trip to St. Paul, MN, for which she will probably not be reimbursed, in order to have her position even considered by the Court. She should have the opportunity to inform the Court of her objections without forcing her to spend money and attend the Hearing. This provision clearly has a chilling effect since it limits those who can file an objection to those who have the financial wherewithal to hire counsel, or the time, funds and flexibility to attend a hearing in St. Paul Minnesota. This clearly takes away from Class members their well-established rights.

5. Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections.

6. The Class members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, particularly the legal fees that are proposed to be paid.

7. These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these Objections have been met.

WHEREFORE, Objector respectfully requests that this Court:

A.  Upon proper hearing, sustain these Objections;

B.  Continue the issue of attorneys' fees and expense reimbursement for a subsequent hearing;

C.  Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the Settlement and the requested attorneys' fees and expenses.

Respectfully submitted,
/s/ R. Michael Waterman
R. Michael Waterman (MN 0263254)
MUDGE PORTER LUNDEEN & SEGUIN, S.C.
110 Second Street
P.O. Box 469
Hudson, Wisconsin 54016
(715) 386-3200
Michael.Waterman@mpl-s.com)

EDWARD F. SIEGEL (Ohio Bar No. 0012912)
27600 Chagrin Blvd. #340
(216) 831-3424
(216) 831- 6584 fax
E-mail     efsiegel@efs-law.com
(pro hac vice pending)
Counsel for objector Lee Sweeney

CERTIFICATE OF SERVICE

I certify that on January 6, 2010, these objections were filed electronically with the Court and were by the court's system served on all other counsel of record.

   /s/R. Michael Waterman