## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDITH YARRINGTON, et al )<br>    Plaintiffs )<br>)<br>vs. )<br>)<br>SOLVAY PHARMACEUTICALS, INC )<br>)<br>    Defendant )<br>) )<br>) )<br>) | Case no. 09-cv-2261 (RHK/RLE)<br><br><br>RESPONSE IN OPPOSITION TO<br>MOTION FOR ATTORNEYS' FEES<br>AND EXPENSES |

NOW COMES Lee M. Sweeney, an individual residing at 1057 Parkside Dr. Lakewood, Ohio 44107 (telephone number (216) 521-6419) who is a member of the Class herein because she purchased ESTRATEST on or after March 8, 1998, by and through the undersigned counsel, and objects to the Motion for Payment of Attorneys' Fees and Costs (Docket No. 35) filed on January 29, 2010 ("Fee Motion").

### MEMBERSHIP IN CLASS

Ms. Sweeney ("Objector") purchased Estratest during the Class period as is evidenced by the affidavit attached hereto as Exhibit A.

### NOTICE OF INTENT TO APPEAR

Objector hereby notifies this Honorable Court that she will appear, through counsel, at the Fairness Hearing currently scheduled for 9:00 A.M on February 10, 2010 before the Honorable Richard H. Kyle in Courtroom 7A at the United States District Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101.

## SUMMARY OF OBJECTIONS

The Fee Motion is not fair, reasonable or adequate for several reasons. Chief among them is the fact that Class Counsel is requesting a fee of up to thirty-three and one-third percent (33.3%) of the Gross Settlement fund as their fee plus reimbursement of out of pocket expenses and a portion of any accrued interest. This is objected to because 1) the percentage is too great for a Settlement of this size; 2) they have requested reimbursement for certain items that the Eighth Circuit has held are not reimburseable; and 3) they should not be entitled to a portion of the interest that has accrued because that money belongs to the Class, not to Class Counsel.

1. <u>VIOLATION OF FED. R. CIV. P. 23(h)</u>

The Notice provided that any objections to the Settlement were to be filed on or before January 2, 2010. However, the Fee Motion was not filed until January 31, 2010.

Rule 23(h), Fed.R.Civ.P. provides:

(h) Attorney's Fees and Nontaxable Costs.
In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
(1) A claim for an award must be <u>made by motion</u> under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. <u>Notice of the motion must be</u> served on all parties and, for motions by class counsel, <u>directed to class members in a reasonable manner.</u>
(2) <u>A class member</u>, or a party from whom payment is sought, <u>may object</u> to the motion.
(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D) (emphasis added).

This Rule has three elements or conditions precedent to having a hearing on a fee request: 1) the request for fees must be by motion; 2) notice of the motion must be directed to class members in a reasonable manner; and 3) class members must have an

opportunity to object. None of these elements have been complied with in this case. Therefore, Class Counsel should be ordered to direct the Fee Motion to Class Members "in a reasonable manner" (perhaps by publishing same on the website), and the hearing on the Fee Motion should be rescheduled .

Rule 23 (h) (2) expressly provides that a class member "may object to the **motion**." In order to object to the "motion," the class member must first read the motion and thereby understand the asserted factual and legal basis for the fees being sought in the motion. Only then can the class member make a well informed, sensible and usable objection to the actual fees being sought. In fact, until a class member actually sees the motion for fees, he does not even know the **exact amount** of the fees being sought. The Fee Motion was filed on January 31, 2010. Under Local Rule 5.3 (1) all answers are to be filed within fourteen (14) days after service. Even though the Fee Motion was arguable not directly to the Class "in a reasonable manner," this reply to the Motion is being filed within such fourteen (14) day period.

2. <u>ATTORNEYS FEES ARE EXCESSIVE</u>.

Based upon the size of the Settlement Fund, the Court should award **total fees and costs** to counsel in an amount not exceeding approximately **25%** percent of the Settlement Fund. According to the study by the consulting firm of Logan, Moshman and Moore which analyzed over 1100 Common Fund cases, the average fee award for Class Action cases whose settlements were valued between $10 and $20 million was 27.9 %. Stuart J. Logan, Jack Moshman and Beverly C. Moore, Jr., *Attorney Fee Awards in Common Fund Class Actions,* 24 Class Action Rep. 169 (2003). A copy of the executive summary from such study is attached hereto as Exhibit B. Awarding a 25% fee would

3

pay Class Counsel $4.125 million for their services, which were rendered in a period of slightly more than one year. Four Million Dollars is more than adequate for one year's work.

To award the requested fee would compensate Class Counsel at the rate of over **$1,000** per hour! Such a request should be denied out of hand. The combined number of hours spent by attorneys and paralegals by Class Counsel was only slightly over 5,000. Simple arithmetic shows that a $5.5 million fee divided by 5,000 hours yields an hourly rate of $1,100. Courts are supposed to act as a fiduciary for the Class when the issue of attorneys' fees arises. Awarding the requested fees would provide a windfall to Class Counsel which would violate this fiduciary duty.

3. LODESTAR CROSS CHECK DOES NOT JUSTIFY THE FEE; MULTIPLIER IS EXCESSIVE

The hourly rate charged is particularly important. In a much more complex matter, the Honorable James M. Rosenbaum of this Court recently capped the hourly rates for Plaintiffs' counsel at $500 per hour for partners, $200 for all other attorneys and $100 for paralegals, *In re: United Health PSLRA Litigation* 06-cv-1691, (Document no. 842, p.25; D.MN August 11, 2009). In such case, the Court actually **increased** the amount that it felt was acceptable in the Twin Cities area as and for attorneys' fees, from the $400 for all attorneys that it had approved the previous year in *In re: Guidant Corp. Implantable Defibrillators Product Liability Litigation*, (MDL 05-1708 D. Minn. 2008). The Fee Motion seeks up to $750 for partner time expended by the Gustafson Gluek firm and up to $850 for partner time expended by the Lieff Cabraser firm. None of the other time that Class Counsel sought to include in lodestar,

including that of "clerks" and "others" should be counted. After establishing the "reasonable hourly rate" cited above, the United Health Court went on to say that "[a]ll other staff time is overhead" *United Health* at p.25, and presumably, not reimburseable.

Recalculating the reported time based on the foregoing yields a lodestar for the Gustafson firm of $698,900, and $940,510 for the Lief Cabraser firm for a total lodestar of $1,639,410[1]. The requested fee of $5.5 million yields a lodestar multiplier of 3.35 which should not be awarded, nor should the three times multiplier referred to in the Notice be awarded.

The Eighth Circuit has yet to offer guidance to practitioners concerning what constitutes an acceptable multiplier in Class Action litigation. The only reported cases in which that Court has spoken concerning multipliers for attorneys' fees came, not in a common fund case, but rather in the context of an antitrust case, *International Travel Arrangers, Inc. v. Western Airlines, Inc.* 623 F. 2d 1255 (8th Circuit 1980), and in the context of a bankruptcy appeal, *In re: Apex Oil Company,* 297 F 3d 712 (8th Circuit 2002). In *International Travel*, the court found that a multiplier of 1.5 times the lodestar for local counsel's time was excessive and disallowed it.

In *Apex Oil*, the court recalculated an attorney's fee that had been awarded in a bankruptcy proceeding and reduced the requested multiplier from 2.3 to 1.2.

According to the Logan Moshman study attached hereto, an appropriate multiplier in a case of this size should be **1.90**. Applying that multiplier would yield an

---

[1] This is assuming that one half of the 1,060 hours reported by Lief Cabraser for "paralegals/clerks" was performed by paralegals and therefore compensable.

5

amount for fees and expenses of $3.1 million which would still reward Class Counsel handsomely for their year's work.

Under both federal and Minnesota law, the starting point in determining the reasonableness of the requested fee is to arrive at a lodestar figure by multiplying "the number of hours *reasonably* expended on the litigation" by "a *reasonable* hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added); *Milner Farmers Ins. Exch.*, 748 N.W.2d 608, 620-621 (Minn. 2008). The Court must exclude hours not "reasonably expended," as well as "excessive, redundant, or otherwise unnecessary" hours. *Hensley*, 461 U.S. at 434; see also *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Even using the *United Health* rates, the reported hours must be examined to ascertain whether or not they were reasonably expended. Rather than undertaking a "gimlet-eyed review" *Goldberger v Integrated Resources, Inc.* 209 F. 3d 43 (2nd Cir. 2000)of the submission, it is suggested that the total number of hours be reduced by 15% to account for "padding" and other "fudge factors."

4. EXPENSES SHOULD NOT BE AWARDED

Class Counsel has requested that the Court reimburse them for out of pocket expenses incurred. However, this Court should not make such an award unless it receives further information. The Lief Cabraser firm claimed that it expended a total of $228,080.84 in un-reimibursed expenses. Declaration of Michael W. Sobol in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Payment of Attorneys' Fees and Costs (Docket 36, at ¶ 33). However, there is no breakdown of this amount. The Court and the Class are left to wonder what expenses were incurred and whether or not they are appropriate and reimburseable.

This is especially true because their co-counsel, Gustafson Gluek, is seeking $1,700 for computerized legal research which is clearly not reimburseable under Eighth Circuit law. That Court has clearly stated that that "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee award." *Leftwich v. Harris – Stowe State College,* 702 F. 2d 686, 695 (8th Cir. 1983). See also *Standley v. Chilhowee R-IV School Dist.* 5 F. 3d 319, 325 & note 7 (8th Cir. 1993). The *Standley* Court stated "the law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Id.* The Court expanded upon this in footnote 7 where it stated that time spent doing the computer-based legal research is compensable as part of counsels' billable hours, and that the actual cost for the on-line computer time "is a component of attorney fees and cannot be recovered in addition to the fee award." *Id.* at fn 7. Therefore, at least $1,700 and probably much more in claimed expenses should **not** be reimbursed.

6. REQUIRING ATTENDANCE AT THE FAIRNESS HEARING VIOLATES DUE PROCESS.

It is a basic tenet of federal class action jurisprudence that all Class Members must be notified of the basic terms of the settlement agreement, the time and place of the Fairness Hearing, and be given an opportunity to object to any part of the Settlement Agreement with which they disagree. The Notice in this case provided that if one files an objection, "the Court will not considerate it unless [the objector] attend[s] the Fairness Hearing." Notice ¶ 17. This violates the very concept of due

process since it does not allow a person, such as the Objector, to rely exclusively on her written objections but forces her to spend money for a trip to St. Paul, MN, for which she will probably not be reimbursed, in order to have her position <u>even considered</u> by the Court. She should have the opportunity to inform the Court of her objections without forcing her to spend money and attend the Hearing. This provision clearly has a chilling effect since it limits those who can file an objection to those who have the financial wherewithal to hire counsel, or the time, funds and flexibility to attend a hearing in St. Paul Minnesota. This clearly takes away from Class members their well-established rights.

7.  Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections.

8.  The Class members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, particularly the legal fees that are proposed to be paid.

9.  These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these Objections have been met.

WHEREFORE, Objector respectfully requests that this Court:

A.  Upon proper hearing, sustain these Objections;

B.  Continue the issue of attorneys' fees and expense reimbursement for a subsequent hearing;

C.  Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness,

inadequacies and unreasonableness of the Settlement and the requested attorneys' fees and expenses.

Respectfully submitted,
/s/ R. Michael Waterman
R. Michael Waterman (MN 0263254)
MUDGE PORTER LUNDEEN & SEGUIN, S.C.
110 Second Street
P.O. Box 469
Hudson, Wisconsin 54016
(715) 386-3200
Michael.Waterman@mpl-s.com)

EDWARD F. SIEGEL (Ohio Bar No. 0012912)
27600 Chagrin Blvd. #340
(216) 831-3424
(216) 831- 6584 fax
E-mail          efsiegel@efs-law.com
(pro hac vice granted)
Counsel for objector Lee Sweeney

## CERTIFICATE OF SERVICE

I certify that on February 4, 2010 these objections were filed electronically with the Court and were by the court's system served on all other counsel of record.

/s/R. Michael Waterman