UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDITH YARRINGTON, ELIZABETH CRAGAN, JULIA CRAIGHEAD and CAROLYN GREEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLVAY PHARMACEUTICALS, INC.,<br><br>Defendant. | No. 09-CV-2261 (RHK/RLE)<br><br>SETTLEMENT CLASS COUNSEL'S MEMORANDUM OF LAW IN RESPONSE TO OBJECTOR LEE M. SWEENEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |

Settlement Class Counsel[1] submit this Memorandum of Law in response to Objector Lee M. Sweeney's ("Sweeney") Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs. For the reasons stated herein, Sweeney's objections should be overruled, and Plaintiffs' Motion for Attorneys' Fees and Costs should be granted.

## I.   BACKGROUND

Plaintiffs and Defendant Solvay Pharmaceuticals, Inc. ("Solvay") executed the Settlement Agreement on August 25, 2009. (Docket No. 9, Ex. A). The Court preliminarily approved the Settlement and the Notice Plan on September 18, 2009. (Docket No. 14). Notice publication was subsequently completed in accordance with the approved Notice Plan. (Docket Nos. 33 and 34). The deadline for objections and

---

[1] Pursuant to the Court's September 18, 2009 Order, "Settlement Class Counsel" are Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") and Gustafson Gluek PLLC. (Docket No. 14).

- 1 -

exclusions to the Settlement was January 2, 2010. (Docket No. 33). No objections were timely filed.

Sweeney, the *only* class member to file objections, filed her first untimely objections to both the Settlement and Plaintiffs' Motion for Attorneys' Fees and Costs on January 6, 2010. (Docket No. 28). Conceding that she filed her objections "a few days *after* the objection deadline," Sweeney withdrew them on January 14, 2010. (Docket No. 30) (emphasis added). No monetary or other consideration was given or promised for her withdrawal. *Id.*[2] Sweeney filed her second untimely objections, limited to Plaintiffs' Motion for Attorneys' Fees and Costs, on February 4, 2010, over a month beyond the January 2, 2010 deadline. (Docket No. 43).

Sweeney is represented by Edward F. Siegel, an attorney described as "one of the nation's most prolific serial objectors." *See Edward Siegel is on a quest to either stop exorbitant lawyer payouts – or score some easy money*, by Rebecca Meiser, *Cleveland Scene*, June 4, 2008, http://www.displacedjournalist.com/Meiser_060408.html. One federal court recently characterized Mr. Siegel's objections as "wasteful litigation." *See In re AT & T Sec. Litig.*, 2006 WL 2786945, *2 (D.N.J. 2006). In that he has recently objected to settlements in *In re UnitedHealth Group Inc. PSLRA Litig.*, 06-CV-1691, *In re Medtronic, Inc., Implantable Defibrillator Product Liability Litig.*, 05-mdl-1726, and *In re St. Paul Travelers, Securities Litig., Inc.*, 04-CV-4697, the District Courts of Minnesota have become quite familiar with Mr. Siegel.

---

[2] Sweeney did not seek approval from the Court to withdraw her first untimely objections, as required by Fed. R. Civ. P. 23(e)(5).

17061

In "emphatically" denying Mr. Siegel's motion for attorneys' fees relating to certain objections he filed in *In re UnitedHealth*, the Hon. James M. Rosenbaum stated:

> These objectors have contributed nothing …. They have the temerity to suggest they are the ones who saved the class $45 million in attorney fees, entitling them to a six-figure fee of their own. Their suggestion is laughable…. And nothing is the quantity of assistance they have provided to the Court and the class. Their goal was, and is, to hijack as many dollars for themselves as they can wrest from a negotiated settlement. … Objectors' request and their motion ill-befit attorneys admitted to the bar. Accordingly, the Court holds, as a matter of fact and law, objectors have conferred no benefit whatsoever on the class or on the Court. Objectors' Counsel are entitled to an award equal to their contribution … nothing.

September 4, 2009 Order (noting "[t]he remoras are loose again.") (Docket No. 852).

Sweeney's untimely objections, and Mr. Siegel's motives, are equally baseless here.

## II.     ARGUMENT

### A.     Sweeney's Untimely Objections Should Not Be Considered.

By its September 18, 2009 Order, this Court ruled:

> <u>Objections</u> by any Settlement Class Member who does not opt out to: (A) the proposed Settlement contained in the Settlement Agreement and described in the Long Form Notice and Publication Notice; (B) the payment of fees and expenses to Settlement Class Counsel; and/or (C) entry of the Final Judgment, *shall be heard and any papers submitted in support of said objections <u>shall be considered by the Court</u> at the Final Fairness Hearing <u>only if</u>, <u>no later than forty-five (45) days after the last Publication Notice</u>*, as certified by the Settlement Administrator to the Court, such objector files with the Court a notice of his, her or its objections, submits documentary proof that he, she or it is a member of the Settlement Class, states the basis for such objections, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Parties identified in the Long Form.

17061

(Docket No. 14 at ¶ 18) (emphasis added).  The Settlement Administrator has since certified that the last Publication Notice occurred on November 17, 2009.  (Docket No. 34).  Consequently, the deadline to file objections to the Settlement (including Settlement Class Counsel's application for attorneys' fees and costs) was January 2, 2010.[3]  Class Members were notified of the deadline via the Published Notice, the Long Form Notice, and the Settlement's website, www.Estratestsettlement.com.  (Docket Nos. 33 and 34).

As indicated, Sweeney concedes that she filed her first objections – which she would later withdraw – "a few days *after* the objection deadline."  (Docket No. 30) (emphasis added).  Sweeney filed her second objections on February 4, 2010, over a month beyond the January 2, 2010 deadline.  (Docket No. 43.)  Notably, Sweeney offers no justification whatsoever for her failure to comply with the January 2, 2010 deadline – a deadline ordered by this Court as part of the overall Notice Plan.  *See id.*

In this District, for an objection to a settlement to be considered by the Court on the merits, it must be timely filed.  *See, e.g., In re UnitedHealth Group Inc. Shareholder Derivative Litig.*, 631 F.Supp.2d 1151, 1158 (D. Minn. 2009) (stating that "[t]he objection is not a model of clarity.  As it is also *untimely*, the Court *does not consider its merits*.") (emphasis added); *In re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litig.*, 2004 WL 2931352, *12 (D. Minn. Dec. 16, 2004) (setting an

---

[3] January 1, 2010 was the forty-fifth day after Publication Notice.  In light of the New Year's Holiday, January 2, 2010 became the official deadline to object.

17061

objection deadline in preliminarily certifying a settlement class and noting "any untimely objection *shall be barred*.") (emphasis added).

The requirement of a timely filing has also been specifically recognized by numerous other federal courts. *See, e.g.*, *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 481 (S.D.N.Y. 1998) ("The few remaining objections are untimely or otherwise deficient."); *In re AOL Time Warner, Inc. Securities & "Erisa" Litigation*, 2008 WL 2941219, *2 (S.D.N.Y. July 30, 2008) ("Thus, as a general matter, objections received after the January 6, 2006 objection deadline specified in the Notice are untimely."); *In re Initial Public Offering Securities Litigation*, 2009 WL 3397238, *15 n.179 (S.D.N.Y. Oct. 15, 2009) (objector "submitted two letters challenging the proposed settlement after the objections period had concluded. This Court has not considered those letters because they were untimely."); *Association For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 475 (S.D. Fla. 2002) ("Objectors also are barred from being heard due to their violation of the Court's objection filing deadline."); *Manners v. American General Life Ins. Co.*, 1999 WL 33581944, *22 (M.D. Tenn. 1999) ("This objection, which received only passing reference (one sentence to be exact) in Mr. Jones' June 1, 1999 submission, is again untimely, and the Court overrules it for that reason.").

By failing to comply with the Court's September 18, 2009 Order, Sweeney has unequivocally waived her right to object to the Settlement and Settlement Class Counsel's application for attorneys' fees and costs. Consistent with the mandate of its September 18, 2009 Order (which clearly stated that *only* timely objections will be

17061

- 5 -

considered), and the rulings of other federal courts (including those within this District), the Court should not consider Sweeney's untimely objections. Consideration of Sweeney's untimely objections would contravene the Court's September 18, 2009 Order, undermine the January 2, 2010 objection deadline, and establish an undesirable precedent for future class action cases.

**B.     Sweeney's Objections Lack Substantive Merit.**

Even if Sweeney's untimely objections were considered, they should be overruled due to their complete lack of merit. Settlement Class Counsel will address Sweeney's untimely objections in the order they appear in her Response in Opposition to Motion for Attorneys' Fees and Expenses ("Resp.") (Docket No. 43).

1.     <u>The Notice Plan Complies with Fed. R. Civ. P. 23(h)</u>.

Sweeney erroneously contends that Settlement Class Counsel failed to satisfy the "three elements or conditions precedent to having a hearing on a fee request[.]" (Resp. at 2). Specifically, Sweeney suggests that Settlement Class Counsel failed to: (1) make a request for fees by motion; (2) direct notice of the fee motion to Class Members in a reasonable manner; and (3) provide Class Members with an opportunity to object to the fee motion. (*Id*. at 2-3). Sweeney requests that the Court reschedule the hearing on Plaintiffs' Motion for Attorneys' Fees and Costs as to allow Settlement Class Counsel to provide additional notice to Class Members. (*Id*. at 3).

Contrary to Sweeney's objection, and as the Court is aware, Settlement Class Counsel did indeed make a request for attorneys' fees by motion. Settlement Class Counsel initially informed the Court of their intent to seek an attorneys' fees award up to

17061

33⅓% of the Settlement Fund in conjunction with the Motion for Preliminary Approval. Settlement Class Counsel likewise notified Class Members of that intent, as well as indicated that such fee would be limited to a multiplier of 3 times their lodestar, in the Publication Notice, the Long Form Notice, and on the Settlement website. Importantly, the Court approved this "reasonable manner" of Notice on September 18, 2009. (Docket No. 14.). Settlement Class Counsel subsequently filed a detailed memorandum in support of Plaintiffs' Motion for Attorneys' Fees and Costs on January 29, 2010. (Docket No. 32).[4] Finally, as Sweeney's own objections confirm, Settlement Class Counsel did provide Class Members with an opportunity to object to Plaintiffs' Motion for Attorneys' Fees and Costs. Sweeney's contention that the Notice Plan fails to comply with Fed. R. Civ. P. 23(h) finds no support in fact or law.[5]

    2.    <u>An Attorneys' Fees Award of 33⅓% of the Settlement Fund is Not Excessive</u>.

Sweeney contends that "[b]ased upon the size of the Settlement Fund, the Court should award total fees and costs to counsel in an amount not exceeding approximately 25% of the Settlement Fund." (Resp. at 3). Relying on a single study of fee awards (a study which supports a 27.9% attorneys' fee award to Settlement Class Counsel here – 2.9% more than that suggested by Sweeney), Sweeney arbitrarily asserts that a "25% fee

---

[4] Sweeney incorrectly states that Settlement Class Counsel filed Plaintiffs' Motion for Attorneys' Fees and Costs on January 31, 2010. (Resp. at 3).

[5] Sweeney's claim that a Class Member "did not even know the *exact amount* of the fees being sought" is a red herring. (Resp. at 3) (emphasis in original). As indicated, pursuant to the Notice Plan, Class Members were informed that Settlement Class Counsel would seek an award of attorneys' fees up to 33⅓% of the $16.5 million Settlement Fund. (Docket Nos. 9 and 14). Accordingly, Class Members received notice that Settlement Class Counsel would seek no more than $5,445,000 in fees.

17061

would pay Class Counsel $4.125 million for their services, which were rendered in a period of *slightly more than one year*." (*Id*. at 4) (emphasis added). As the Court is aware, this litigation has been pending for nearly *six* years – with Named Plaintiff Judith Yarrington filing her Complaint in a Minnesota state court on March 30, 2004. (Docket No. 31).

For the reasons articulated in their Memorandum of Law in Support of Plaintiffs' Motion for Attorneys' Fees and Costs (Docket No. 32), Settlement Class Counsel seek an attorneys' fee award of 33⅓% of the Settlement Fund. Certainly not excessive, such an award falls well within the range of "common fund" fee awards approved within the Eighth Circuit, and is otherwise eminently reasonable in light of the significant result achieved for the Class.

    3.    <u>A Lodestar Cross-Check Confirms an Attorneys' Fees Award of 33⅓% of the Settlement Fund is Not Excessive</u>.

In contending the "lodestar cross check does not justify the fee" and that "the multiplier is excessive," Sweeney takes issue with Settlement Class Counsel's hourly rates. (Resp. at 4). The hourly rates set forth in Settlement Class Counsel's fee application (which include a top range of $750-850 per hour for the most experienced attorneys) are the prevailing market rates for complex class litigation of this type, and have been awarded by numerous federal courts. (Docket Nos. 35 and 36.) *See, e.g., Telik, Inc. Sec. Litig.*, 576 F.Supp.2d 570, 589 (S.D.N.Y. 2008) (using rates up to $750 an hour for partners in calculating a lodestar cross-check); *In re BankAmerica Corp. Sec. Litig.*, 228 F.Supp.2d 1061, 1065 (E.D.Mo. 2002) (stating that "while the hourly rates

17061

ranging up to $695 are high for the Eastern District of Missouri, they are nonetheless within the range of reasonableness in the realm of nationwide securities class actions.")

As detailed in Plaintiffs' Motion for Attorneys' Fees and Costs, an award of 33⅓% of the Settlement Fund provides for a modest 2.26 multiplier at Settlement Class Counsel's current hourly rates. However, even if the Court were to cap Settlement Class Counsel's rates at $500 per hour (*see, e.g., In re UnitedHealth*, 631 F.Supp.2d at 1159), an award of 33⅓ of the Settlement Fund would only result in a 2.49 multiplier ($5,445,000 ÷ $2,186,432) (*See* Second Declaration of Michael W. Sobol in Support of Plaintiffs' Motion for Attorneys' Fees and Costs; Second Declaration of Daniel E. Gustafson in Support of Plaintiffs' Motion for Attorneys' Fees and Costs, filed herewith.)

Sweeney correctly notes that the "Eighth Circuit has yet to offer guidance to practitioners concerning what constitutes an acceptable multiplier in [c]lass [a]ction litigation." (Resp. at 5). However, within this District, courts have frequently (and recently) awarded attorneys' fees that have resulted in multipliers which far exceed that which would result here (2.49) with a $500 hourly cap. *See, e.g., In re Xcel Energy, Inc. Securities, Derivative & "ERISA" Litigation*, 364 F.Supp.2d 980, 999 (D. Minn. 2005) (finding "a lodestar multiplier of 4.7, is reasonable"); *In re St. Paul Travelers Securities Litig.*, 2006 WL 1116118, *1 (D. Minn. April 25, 2006) (finding that "[a] multiplier of 3.9 results from awarding 15% of the $67,500,000 settlement fund as attorney fees.").[6]

---

[6] Sweeney offers no support for her contention that some of Settlement Class Counsel's 5,100 hours may not have been "reasonably expended." (Resp. at 6). As detailed in Plaintiffs' Memorandum of Law in Support of Final Approval of Class Action Settlement (Docket No. 31), the Settlement is a culmination of six years of hard-fought litigation.

17061

4.  Settlement Class Counsel's Expenses Should be Awarded

Sweeney contends that the Court should not reimburse Settlement Class Counsel for $228,080.24 in expenses incurred by the Lieff Cabraser firm "unless it receives further information." (Resp. at 6). The Lieff Cabraser firm has since filed an itemized account of its reasonably incurred expenses (*See* Second Declaration of Michael W. Sobol in Support of Plaintiffs' Motion for Attorneys' Fees and Costs, filed herewith.)

Sweeney also objects to Settlement Class Counsel's attempt to recoup their expenses relating to computerized legal research, which she claims "is clearly not reimburseable under Eighth Circuit law." (Resp. at 7) (citing *Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 695 (8th Cir. 1983)).[7] Settlement Class Counsel acknowledge that *Leftwich* and other Eighth Circuit cases indicate that computer-based legal research "must be factored into the attorney's hourly rate" and "the cost of such computer time may not be added to the fee award." *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). However, despite the directive of the Eighth Circuit, courts within this District have allowed class counsel to recover computerized research costs in addition to an award of attorneys' fees. *See, e.g., In re UnitedHealth*, 631 F.Supp.2d at 1160 (reimbursing class counsel $175,000 for computer research in addition to attorneys' fees); *Benson v. Northwest Airlines, Inc.*, 1997 WL 122897, *5 (D. Minn. Mar. 18, 1997) (awarding computer-aided research expenses as additional attorneys' fees).

---

[7] Lieff Cabraser seeks reimbursement of $32,504.19 for computer related research; Gustafson Gluek seeks reimbursement of $1,658.29.

Notably, "[n]o other circuit has endorsed [the Eighth Circuit's] view, and many have expressly held that computerized research costs can, in appropriate circumstances, be recovered in addition to the hourly rates of attorneys." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006). The law of the Eighth Circuit would seem to inherently decrease the overall recovery of class members – in that class counsel would be obligated to increase his or her overall hourly rate to account for prospective computer-based legal research, regardless of whether (or how much) that type of research is actually used. In that they were reasonably and necessarily incurred in the prosecution of the Settlement Agreement, Settlement Class Counsel respectfully requests reimbursement of their computer-based legal research expenses.

    5.  Requiring the Attendance of Objectors at the Fairness Hearing Does Not Violate Due Process

The Long Form Notice, approved by the Court on September 18, 2009 (Docket No. 14), informed Class Members that their written objections to the Settlement would not be considered unless they also appeared at the February 10, 2010 Fairness Hearing.[8] (Docket No. 9-3). Sweeney contends that "requiring attendance [of objectors] at the Fairness Hearing violates due process." (Resp. at 7). According to Sweeney, "she should

---

[8] The Long Form Notice, in pertinent part, states: "If you filed an objection, however, the Court will not consider it unless you attend." (Docket No. 9-3 at 10). Although the Publication Notice did not include such language, it did direct Class Members to the Long Form Notice and the Settlement website (both which informed Class Members of their need to appear at the Fairness Hearing for their objections to be considered).

17061

- 11 -

have the opportunity to inform the Court of her objections without forcing her to spend money and attend the Hearing." (*Id*. at 8).

"Under Fed. R. Civ. P. 23(e), the district court directs the form of the notice of settlement, and the notice need only satisfy the "*broad 'reasonableness' standards imposed by due process.*" *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (emphasis added) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975). The notice given must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them *an opportunity* to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (emphasis added). "The notice should describe the action and the plaintiffs' rights in it. Additionally, we hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985).[9]

---

[9] According to the *Manual for Complex Litigation*, the settlement notice should:

define the class; describe clearly the options open to the class members and the deadlines for taking action; describe the essential terms of the proposed settlement; disclose any special benefits provided to the class representatives; provide information regarding attorneys' fees; *indicate the time and place of the hearing to consider approval of the settlement, and **the method for objecting** to or opting out of the settlement*; explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations; provide information that will enable class members to calculate or at least estimate their individual recoveries; and prominently display the address and phone number of class counsel and the procedure for making inquiries. § 21.312 (emphasis added).

17061

Requiring objectors to appear at the Fairness Hearing is neither unreasonable nor a violation of due process. As required by the Supreme Court and the Eighth Circuit, the Notice Plan here apprised Class Members of the pendency of the action and that the Settlement had been proposed, as well as afforded Class Members an opportunity to opt-out from, or object to, the Settlement. That alone is sufficient to satisfy due process. *See, e.g., Grunin*, 513 F.2d at 121 (stating that "[t]he notice in this case unquestionably alerted the recipients that they were members of a pending class action, that a settlement had been proposed, and that they had the right to state their objections at a fairness hearing."); *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995)(stating that "[t]he class received due notice of the proceeding and settlement proposal, and the Crehans were able to vigorously argue their position in their objections to the district court. 'Due Process requires no more.'") (quoting *Reynolds v. National Football League*, 584 F.2d 280, 285 (8th Cir. 1978)); *In re Domestic Air Transp. Antitrust Litigation*, 144 F.R.D. 421, 423 (N.D. Ga. 1992) (recognizing that "[t]he Notice to the class of the settlements advised class members of their right to object and to appear through counsel at the fairness hearing. …Objectors have obviously availed themselves of that right, having stated their intention to object and filing an entry of appearance of counsel for the purpose of participating at the hearing.").

There can be no legitimate dispute that Sweeney (and each Class Member) have been afforded a reasonable opportunity to present objections to the Court. Sweeney's "due process" objection, in fact, relates *only* to the manner or method of presentation. Importantly, "the <u>*mechanics*</u> of the notice process <u>*are left to the discretion of the court*</u>

17061

subject only to the broad 'reasonableness' standards imposed by due process. *Grunin*, 513 F.2d at 121 (emphasis added) (citing 7A C. Wright and A. Miller, Federal Practice and Procedure, Civil s 1797 at 237 (1972)). Furthermore, "[a]lthough the right to be heard is an integral part of due process, an individual entitled to such process <u>is not entitled to dictate to the court the precise manner in which he is to be heard</u>." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984) (emphasis added). In short, due process simply requires that Class Members here have a reasonable opportunity to object to the Settlement– not that they be afforded an opportunity to object in a particular, or preferred, manner.

Sweeney offers no evidence to support her bald assertion that the need to appear at the Fairness Hearing discouraged Class Members from objecting to the Settlement. First, the requirement of an appearance clearly did not stop Sweeney (who resides in Ohio) from retaining Mr. Siegel, hiring local counsel and filing her untimely written objections.[10] In other words, Sweeney's objection confirms that Class Members have a reasonable opportunity to object. Second, during the approximately four-month Notice period, *not a single Class Member complained* to Settlement Class Counsel – or the Court – about their need to appear at the Fairness Hearing to present an objection. (*See* Second Declaration of Michael W. Sobol in Support of Plaintiffs' Motion for Attorneys' Fees and Costs; Second Declaration of Daniel E. Gustafson in Support of Plaintiffs'

---

[10] In fact, Sweeney has also notified the Court of her intent to appear at the February 10, 2010 Fairness Hearing.

17061

Motion for Attorneys' Fees and Costs, filed herewith.)[11]  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 234-35 (3d Cir. 2001) (stating that "Throenle argues that the low number of objectors is attributable to the confusing notice to the Class …. Although it is true that the Settlement Notice could have been clearer on how to object to the Settlement, the District Court pointed out that *the notice provided the address and phone numbers for Lead Plaintiff's counsel* in the event that class members had questions about any matter in the notice.  *A confused class member who wanted to make an objection could have easily called class counsel and clarified the process by which to make it*.") (citation omitted").[12]

Simply stated, Sweeney's speculative opinion that the Settlement *may* have yielded more objections *if* Class Members were not required to appear at the Fairness Hearing should not deny, much less delay, final approval of the Settlement on February 10, 2010.  Sweeney's conjecture is similarly insufficient to require that hundreds of thousands of dollars be spent (to the detriment of the Settlement Fund) on any type of unnecessary "corrective" Notice to Class Members. "To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process."  *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974); *In re Cendant*, 264 F.3d at 235 (finding "Duncan's contention that more people would have objected had the objection deadline date occurred after the three Cendant employees pled guilty to fraud is purely speculative.")  As it correctly did

---

[11] The Long Form Notice and Settlement website included contact information for Settlement Class Counsel and the Court.  (Docket No. 9-3).

[12] Only two Class Members filed exclusions.  (Docket No. 33)  Class Members are *not* required to appear at the Fairness Hearing to opt-out of the Settlement.

17061

on September 18, 2009, the Court should determine that the existing Notice Plan satisfies due process.

## III. CONCLUSION

For the aforementioned reasons, Settlement Class Counsel respectfully requests that Sweeney's objections be overruled, and Plaintiffs' Motion for Attorneys' Fees and Costs be granted.

Dated: February 8, 2010

Respectfully submitted,

GUSTAFSON GLUEK PLLC

By: s/ Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
Brian L. Williams (#23249X)
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

Richard M. Heimann (*pro hac vice*)
Michael W. Sobol (*pro hac vice*)
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Elizabeth A. Alexander (*pro hac vice*)
One Nashville Place
150 Fourth Avenue, N., Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

*Attorneys for Plaintiffs and the Proposed Settlement Class*