# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Judith Yarrington, *et al.*,

                    Plaintiffs,

                                      Civ. No. 09-2261 (RHK/RLE)
                                           **ORDER**

v.

Solvay Pharmaceuticals, Inc.,

                    Defendant.

---

This matter is before the Court *sua sponte*.

By Order dated September 18, 2009 (Doc. No. 14), the Court granted preliminary approval to the parties' settlement in this class-action case, and it further approved forms and methods of notice to potential class members. A hearing to determine whether the terms of the settlement should be finally approved, and a final judgment entered, was scheduled for February 10, 2010.

While reviewing the papers submitted in advance of the February 10 hearing, however, the Court discovered what it believes to be a procedural error in its prior Order.[1] Specifically, although the Order expressly contemplated the submission of written objections to the settlement by potential class members, it also approved a form of notice stating that if a class member were to file an objection, "the Court will not consider it unless you attend" the final fairness hearing. (9/15/09 Sobol Decl. Ex. B at 10.) It was

---

[1] The error was also pointed out in an untimely objection submitted by a class member, although the Court's own review of the hearing papers had already laid bare the problem.

never the Court's intention to reject written objections absent an appearance by the objector at the final fairness hearing; rather, the intent of this language was to require an appearance only if an objector *wished to be heard* on her objection. Nevertheless, a reasonable person might have been dissuaded from filing an objection to the settlement based on this language in the form of notice. Obviously, the Court has no way to know whether class members have, in fact, opted not to object because they did not wish to travel to Minnesota for the final fairness hearing.

Out of an abundance of caution, therefore, the Court deems it advisable to **CONTINUE** the final fairness hearing to March 16, 2010. In the interim, Settlement Class Counsel (as defined in the Court's September 18, 2009 Order) shall submit, as soon as practicable, a proposed modified notice to class members, correcting the defect set forth above, and, once approved, shall republish it in a manner sanctioned by the Court.


Dated: February 9, 2010                    s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge