**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| JUDITH YARRINGTON, et al | ) | |
|     Plaintiffs | ) | Case no. 09-cv-2261 (RHK/RLE) |
| | ) | |
| vs. | ) | |
| | ) | |
| SOLVAY PHARMACEUTICALS, INC | ) | OBJECTOR'S REPLY |
| | ) | MEMORANDUM IN OPPOSITION |
| Defendant | ) | TO CLASS COUNSELS' FEE |
| | | MOTION |

On February 8, 2010, Class Counsel filed a document captioned "Settlement Class Counsel's Memorandum of Law in Response to Objector Lee M. Sweeney's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs") (hereinafter "Supplement Fee Request") in which they attempt to respond to Ms. Sweeney's Objections to their Fee Motion.

The undersigned counsel will not justify the *ad hominem* attacks upon him contained in the Supplemental Fee Request with any response beyond an acknowledgement that they are totally irrelevant to this matter and serve no purpose other than to possibly prejudice the Court against his client and her position.

OBJECTIONS WERE TO THE MOTION FOR FEES, NOT TO THE SETTLEMENT

Class Counsel argues strenuously that the Objections should not be considered because they were filed late. In doing so, Class Counsel ignores several very salient facts.

1) The objections are to the **Motion for Fees** filed on January 29, 2010; the response to that particular motion could not have been filed prior to that date;

1

2) Under Fed. R. Civ. P. 23 (h), a class member must be given an opportunity to object to the Fee **Motion;**

3) The Objection was filed within fourteen (14) days of the filing of the Motion for Fees, thereby complying with Local Rule 5.3 (1);

In addition, their argument that the statement in the Notice that Class Counsel would request up to 33% of the Settlement Fund as a fee somehow constitutes notice of the later filed fee motion, should be dismissed out of hand by this Court.  By using the phrase "up to" Class Counsel explicitly acknowledged that they might request less than that amount.  Such an occurrence is not unknown. See  *Lonardo v. The Travelers Indemnity Company* Case no. 06-0962 N.D. Ohio (on the eve of the Fairness Hearing, Class Counsel reduced their fee request from $6.6 million to $4.6 million.) Also, the notice was devoid of any of the details necessary to justify such a fee. These details are contained only in the motion filed January 29, 2010. Therefore that portion of their argument should be ignored.

RECALCULATION OF LODESTAR

Both the Gustafson firm and the Lief Cabraser firm, apparently in response to the Objections, recalculated their lodestar resulting, in their calculations, in a multiplier of 2.49. However, they either did not read, or chose to ignore, several important elements of the recalculation suggested by Objector.  They calculated all attorney time at $500/hour, rather than the $500 per hour for partners and $200 per hour for all other attorneys set forth in *United Health, infra.*  They also calculated paralegal time at $155 to $345/hour rather than the $100 limit of *United Health.*  They also, apparently, left in all of the other

time to which objection was made, including clerks and "others." Therefore, their submission concerning recalculation should be ignored.

## EXPENSES

Class Counsel acknowledges that reimbursement for computer-based legal research is not permissible under Eighth Circuit law, but then argues that some District Courts have done so and implicitly urge this court to follow that path and to "underrule" the Eighth Circuit. However, they fail to mention that one of the two cases they advance for this proposition, *UnitedHealth Group Inc. Shareholder Derivative Litigaion,* 631 F. Supp. 2d, 1151, 1160 (D. Minn 2009) is currently on appeal to the Eighth Circuit on this very question, among others. (09-2900, 8th Cir.). They then argue that counsel would increase their fees in this Circuit from the current $750-895/hour if they were not permitted to recoup such costs. Objector questions the likelihood of this adjustment and points out that in another section of their Supplemental Fee Request, they recalculate their fees based on a maximum fee of $500 per attorney. They cannot increase their hourly rate to accommodate the possible lack of reimbursement for computerized legal research and at the same time agree to a maximum. This is totally contradictory.

## LIEF CABRASER EXPENSES

Lief Cabraser submitted an expense report in the Supplemental Fee Request, but only *after* Objector pointed out to the Court that it should not award such request without significant detail. As predicted, this document contains many questionable expenses.

In addition to the $32,500 in computer-related expenses which are not reimburseable, they have asked for reimbursement of $431 for Books/Subscriptions, $300 in "Other Charges," $27 for "Supplies," and $215 for Telephone. This $1,000 is clearly

3

overhead and should remain in the Settlement Fund for distribution to the Class. The Lief Cabraser request for reimbursement should be reduced by $33,500.

                        Respectfully submitted,
                        /s/ R. Michael Waterman
                        R. Michael Waterman (MN 0263254)
                        MUDGE PORTER LUNDEEN & SEGUIN, S.C.
                        110 Second Street
                        P.O. Box 469
                        Hudson, Wisconsin 54016
                        (715) 386-3200
                        Michael.Waterman@mpl-s.com)

                        EDWARD F. SIEGEL (Ohio Bar No. 0012912)
                        27600 Chagrin Blvd. #340
                        (216) 831-3424
                        (216) 831- 6584 fax
                        E-mail    efsiegel@efs-law.com
                        (pro hac vice granted)
                        Counsel for objector Lee Sweeney

## CERTIFICATE OF SERVICE

I certify that on February 9, 2010 this Notice of Supplemental Objections was filed electronically with the Court and was by the court's system served on all other counsel of record.

                                              /s/ Edward F. Siegel_____