UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDITH YARRINGTON, ELIZABETH CRAGAN, JULIA CRAIGHEAD and CAROLYN GREEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLVAY PHARMACEUTICALS, INC.,<br><br>Defendant. | No. 09-CV-2261 (RHK/RLE)<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND SETTLEMENT CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiffs and Settlement Class Counsel submit this Supplemental Memorandum of Law in support of their Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Costs. For the reasons stated herein, both motions should be granted.

**I.    BACKGROUND**

    **A.    Plaintiffs' Motion for Final Approval of Class Action Settlement**

On January 29, 2010, Plaintiffs provided the Court with a detailed account of the facts and procedural history of this six-year litigation, which culminated in the execution of a Settlement Agreement between Plaintiffs and Defendant Solvay Pharmaceuticals, Inc. ("Defendant" or "Solvay") on August 25, 2009 ("Settlement"). *See* Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

17418

(Docket No. 31). Plaintiffs specifically addressed why the Court should find the Settlement to be fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e). *Id*. At that time, the Final Approval Hearing ("Fairness Hearing") on the Settlement was scheduled for February 10, 2010.

### B.  Motion for Payment of Attorneys Fees and Costs

On January 29, 2010, Settlement Class Counsel[1] filed a motion seeking reimbursement of $245,720.31 for their expenses and an award of 33⅓% of the $16.5 million Settlement Fund. (Docket No. 32). Settlement Class Counsel explained in detail how their requested award fell well within the accepted range of attorneys' fee awards based upon a percentage of a common fund in the Eighth Circuit, and is otherwise eminently reasonable in light of the long, difficult litigation and the significant result achieved for the Settlement Class. *Id*.

### C.  Objector Lee M. Sweeney

Objector Lee M. Sweeney ("Sweeney"), the *only* class member to file any objections, filed her first untimely objections to both the Settlement and Settlement Class Counsel's Motion for Attorneys' Fees and Costs on January 6, 2010. (Docket No. 28). Conceding that she filed her objections "a few days *after* the objection deadline," Sweeney withdrew them on January 14, 2010. (Docket No. 30) (emphasis added). No monetary or other consideration was given or promised for that withdrawal. *Id*.

---

[1] Pursuant to the Court's September 18, 2009 Order, "Settlement Class Counsel" are Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") and Gustafson Gluek PLLC. (Docket No. 14).

17418

On February 4, 2010, over a month after the January 2, 2010 objection deadline, Sweeney filed her second untimely objections – limited to objecting only to Settlement Class Counsel's Motion for Attorneys' Fees and Costs. (Docket No. 43). On February 8, 2010, Settlement Class Counsel responded to Sweeney's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs. (Docket No. 46). Settlement Class Counsel established why Sweeney's untimely objections also lack substantive merit. *Id*. Additionally, Settlement Class Counsel advised the Court that Sweeney is represented by Edward F. Siegel, an attorney described as "one of the nation's most prolific serial objectors." *Id. See Edward Siegel is on a quest to either stop exorbitant lawyer payouts – or score some easy money*, by Rebecca Meiser, *Cleveland Scene*, June 4, 2008.[2]

On February 9, 2010, Sweeney filed a "Reply Memorandum in Opposition to Class Counsel's Fee Motion." (Docket No. 52). Sweeney emphatically confirmed again that her "OBJECTIONS WERE TO THE MOTION FOR FEES, NOT TO THE SETTLEMENT." *Id*. at 1 (emphasis in original).

Subsequent to the February 9, 2010 filing, Settlement Class Counsel learned that Sweeney is the *mother* of Francis E. Sweeney, Jr., another attorney who regularly represents objectors in class action lawsuits. *See* Declaration of Brian L. Williams in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Settlement Class Counsel's Motion for Attorneys' Fees and Costs ("Williams Decl.") at

---

[2] Mr. Siegel is known to the Court as a frequent objector. *See, e.g., In re UnitedHealth Group Inc. PSLRA Litig.*, 06-CV-1691, *In re Medtronic, Inc., Implantable Defibrillator Product Liability Litig.*, 05-mdl-1726, and *In re St. Paul Travelers, Securities Litig., Inc.*, 04-CV-4697.

17418

8, filed herewith. In fact, Francis E. Sweeney, Jr. routinely represents objectors as co-counsel *with* Edward F. Siegel. *Id*. at Exs. A and B. Neither Mr. Siegel, Sweeney, nor Francis E. Sweeney, Jr. disclosed their related associations here.

### D.   Modified Notice and Proposed Supplemental Notice Plan

The Court preliminarily approved the Settlement and the Notice Plan on September 18, 2009. (Docket No. 14). Notice publication was subsequently completed in accordance with the initial approved Notice Plan. (Docket Nos. 33 and 34).

On February 9, 2010, while reviewing materials submitted in advance of the February 10, 2010 Fairness Hearing, the Court discovered what it believed was an error in its September 18, 2009 Order approving notice. In that Order, the Court had approved a form of notice which suggested that Class Members were required to appear at the Fairness Hearing to have their objections considered. Although it was never the Court's intention to require the attendance of objectors at the February 10, 2010 Fairness Hearing, "out of an abundance of caution," the Court continued the Fairness Hearing to March 16, 2010. (Docket No. 51). The Court directed Settlement Class Counsel to submit a proposed Modified Notice to Class Members, correcting the procedural defect. *Id*. Once approved as to form and substance, the Court further directed Settlement Class Counsel to republish the Modified Notice in a manner approved by the Court. *Id*.

On February 12, 2010, the Court approved Plaintiffs' proposed Modified Notice and Supplemental Notice Plan. (Docket No. 57). In accordance with the Court's February 12, 2010 Order, under the supervision of Settlement Class Counsel, the Settlement Administrator:

17418

    (1)    revised the Settlement Website to reflect the Modified Long Form Notice and revised deadlines:

    (2)    Within five days of the February 12, 2010 Order, caused the publication of the Internet banner advertisements, and publication of the Modified Publication Notice in three nationally distributed newspapers; and

    (3)    Within five days of the February 12, 2010 Order, caused a copy of the Modified Long Form Notice and explanatory letter to be mailed via U.S. Mail to each Settlement Class Member who requested that a claims packet be mailed in accordance with the Court's September 18, 2009 Order.

*See* Supplemental Declaration of Joel Botzet With Respect to Notification and Requests for Exclusion ("Supp. Botzet Decl.") and Supplemental Declaration of Leigh Anna Thomure of Kinsella Media, LLC, filed herewith.

No further objections to the Settlement or Settlement Class Counsel's Motion for Attorneys' Fees and Costs were filed. *See* Williams Decl. ¶¶ 3, 5.

## II.   ARGUMENT

### A.   The Court Should Grant Final Approval of the Settlement.

For the reasons provided to the Court on January 29, 2010, the Court should grant final approval of the Settlement. (Docket No. 31). More recent information, however, also supports a finding by the Court that the Settlement is fair, reasonable, and adequate. First, even with a second notice period and a two-month extension of the objection deadline (from January 2, 2010 to March 8, 2010), <u>*not a single additional Class Member objected*</u> to the Settlement. *See* Williams Decl. ¶ 3, 5.[3] The complete lack of objection to the Settlement provides strong evidence of its approval by Settlement Class Members.

---

[3] Two Class Members sought exclusion from the Settlement. Supp. Botzet Decl. ¶ 10.

17418

*See, e.g., In re: Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005). Second, although a few days remain to file a timely claim (March 17, 2010 postmark deadline), the total aggregate amount of claims received is $3,325,484. *See* Supp. Botzet Decl. ¶ 9. Consequently, pursuant to § V.B of the Settlement Agreement, Settlement Class Members who file timely and otherwise valid claims will receive *100%* of their alleged damages (overpayments).[4]

> **B.  The Court Should Approve Settlement Class Counsel's Motion for Payment of Attorneys' Fees and Costs.**

Sweeney is the *only* Class Member, out of potentially tens of thousands of Settlement Class Members, to object to Settlement Class Counsel's request for 33⅓% of the $16.5 million Settlement Fund. Sweeney's February 4, 2010 objections (Docket No. 43) were fully addressed by Settlement Class Counsel's February 8, 2010 filing. (Docket No. 46).[5]

On February 9, 2010, Sweeney filed her "Objector's Reply Memorandum in Opposition to Class Counsels' Fee Motion ("Objector's Reply"). (Docket No. 52). Settlement Class Counsel will now address Sweeney's February 9, 2010 arguments in the order presented.

---

[4] Furthermore, if approved by the Court, pursuant to § V.E of the Settlement Agreement, a number of worthy charitable or nonprofit organizations dedicated to menopause and related women's health issues (including the University of Minnesota, Vanderbilt University, Meherry Medical College, and the University of California at San Francisco) will share significant *cy pres* awards.

[5] Legal authority, and all back-up documentation, supporting Settlement Class Counsel's Motion for Payment of Attorneys' Fees and Costs, was provided to the Court on January 29, 2010 and February 8, 2010. (Docket Nos. 32 and 48).

17418

1.  Timeliness of Sweeney's Objections

The Court's February 12, 2010 Order extended the objection deadline from January 2, 2010 to March 8, 2010. Yet Sweeney's February 4, 2010 objection should nonetheless be deemed untimely. As evidenced by the Court's receipt of her objections well *before* it approved the Modified Notice and Supplemental Notice Plan (on February 12, 2010), Sweeney is *not* among those Class Members who may have initially refrained from filing an objection due to the ambiguity surrounding an objector's need to attend the Fairness Hearing. Thus, Sweeney was not deterred from filing her objections; she simply missed the objection deadline.

2.  Recalculation of Lodestar

After acknowledging that a recalculation of lodestar with a $500 per hour cap would result in a multiplier of only 2.49, well below other lodestar multipliers approved within this District,[6] Sweeney suggests that Settlement Class Counsel "chose to ignore" several important elements of *her* proposed recalculation. Specifically, Sweeney erroneously claims that Settlement Class Counsel "calculated *all* attorney time at $500/hour, rather than the $500 per hour for partners and $200 per hour for all other attorneys set forth in *United Health*, *infra*." Objector's Reply at 2 (emphasis added).

---

[6] *See, e.g., In re Xcel Energy, Inc. Securities, Derivative & "ERISA" Litigation*, 364 F.Supp.2d 980, 999 (D. Minn. 2005) (finding "a lodestar multiplier of 4.7, is reasonable"); *In re St. Paul Travelers Securities Litig.*, 2006 WL 1116118, *1 (D. Minn. April 25, 2006) (finding that "[a] multiplier of 3.9 results from awarding 15% of the $67,500,000 settlement fund as attorney fees."). Notably, even if Settlement Class Counsel's lodestar was calculated *as demanded by Sweeney* in her February 4, 2010 filing, she concedes that it results in a multiplier of 3.35 – *less* than that approved in *Xcel* and *St. Paul Travelers*. *See* Sweeney's February 4, 2010 Response in Opp. to Motion for Attorneys' Fees and Expenses at 5. (Docket No. 43).

17418

Even a cursory examination of Settlement Class Counsel's billing records, however, reveals Sweeney's assertion to be erroneous. *See* Second Declaration of Daniel E. Gustafson in Support of Plaintiffs' Motion for Attorneys' Fees and Costs; Second Declaration of Michael W. Sobol in Support of Plaintiffs' Motion for Attorneys' Fees and Costs. (Docket Nos. 47-1 and 48-1). Settlement Class Counsel clearly provided the Court with a recalculated lodestar using a $500 per hour cap for partners. *See id*.

Sweeney also erroneously suggested that *United Health* somehow limits Settlement Class Counsel's non-partner and paralegal rates to $200 per hour, and $100 per hour, respectively. Objector's Reply at 2. But Sweeney herself recognizes that *United Health* imposes no such limitation. In her February 4, 2010 filing (Docket No. 43), Sweeney specifically acknowledges that a $400 per hour cap for *non-partner* attorneys was recently approved in this District. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2008 WL 682174, *15 (D. Minn. 2008) (discussing $400 hourly cap for *all* categories of attorneys and $150 per hour cap for paralegals).

Furthermore, in addition to the reasons provided to the Court on January 29, 2010, Settlement Class Counsel's fee request is particularly reasonable considering: (1) Settlement Class Members who file timely and otherwise valid claims will receive *100%* of their claimed damages[7] – a percentage almost unheard of in class action litigation; (2) Settlement Class Counsel achieved a $16.5 million settlement after six years of litigation

---

[7] As a result, the Settlement Class would not monetarily benefit as a result of reducing Settlement Class Counsel's requested fee award.

17418

– a settlement that occurred *only* because Settlement Class Counsel convinced the Minnesota Court of Appeals to reinstate Plaintiffs' statutory claims in 2006; and (3) their 2.49 multiplier will continue to decline (as it has even since January 29, 2010) as Settlement Class Counsel commit substantial time and resources *after* final approval relating to issues involving the distribution of cy pres, claims administration, and the Settlement Account.

### 3. Expenses

In her reply, Sweeney simply reiterates her argument that "reimbursement for computer-based legal research is not permissible under Eighth Circuit law[.]" Objector's Reply at 3. Settlement Class Counsel acknowledge that certain Eighth Circuit cases indicate that computer-based legal research "must be factored into the attorney's hourly rate" and "the cost of such computer time may not be added to the fee award." *See, e.g., Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993). Settlement Class Counsel would again note, however, that courts within this District have recently recognized the efficiencies created by computerized research and allowed class counsel to recover those costs in addition to an award of attorneys' fees. *See, e.g., In re UnitedHealth Group Inc. PSLRA Litig.*, 643 F.Supp.2d 1094, 1106 (D. Minn. 2009) (reimbursing class counsel $175,000 for computer research in addition to attorneys' fees).[8]

---

[8] Lieff Cabraser seeks reimbursement of $32,504.19 for computer related research; Gustafson Gluek seeks reimbursement of $1,658.29.

17418

4.      Lieff Cabraser Expenses

Sweeney further contends that another $937 sought by Lieff Cabraser – relating to books, subscriptions, supplies and telephone charges – are "clearly overhead and should remain in the Settlement Fund for distribution to the Class."  Objector's Reply at 4.  Courts in this District, however, have approved reimbursement of such costs.  *See In re Xcel Energy, Inc. Securities, Derivative & "ERISA" Litigation*, 364 F.Supp.2d 980, 1000 (D. Minn. 2005) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation).  If necessary, Lieff Cabraser will submit a detailed cost report to the Court at the Fairness Hearing establishing that these expenses were case-related.

**C.    Sweeney's Objections to Settlement Class Counsel's Motion for Attorneys' Fees and Costs Do Not Confer a Benefit on the Class.**

Rule 23 allows the Court to award "reasonable attorney's fees."  *See* Fed. R. Civ. P. 23(h).  The reasonableness of "[s]uch an award is committed to the court's sound discretion."  *See In re UnitedHealth Group Inc. PSLRA Litig.,* 643 F.Supp.2d 1107, 1109 (D. Minn. 2009) (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1147 (8th Cir. 1999)).  Similarly, "the Court has a duty under Rule 23 of the Federal Rules of Civil Procedure to review the reasonableness of the request by class counsel for reimbursement of their costs and expenses[.]"  *Muehler v. Land O'Lakes, Inc.*, 617 F. Supp. 1370, 1381 (D. Minn. 1985).

17418

In her February 4, 2010 objection (Docket No. 43 at 9), Sweeney requests that the Court "enter such Orders as are necessary … to alleviate the inherent unfairness, inadequacies and unreasonableness of … the requested attorneys' fees and expenses." In other words, Sweeney's objection demands that the Court do *exactly what it is already obligated to do* – award only reasonable fees and expenses to Settlement Class Counsel. *See In re UnitedHealth,* 643 F.Supp.2d at 1109 (recognizing that "[t]hose objecting to a class action settlement are not entitled to a fee award unless they confer a benefit on the class."). Moreover, reducing the fee award requested by Settlement Class Counsel will not result in larger payments to Settlement Class Members. Consequently, Sweeney's objections confer no benefit on the Settlement Class.

### III.   CONCLUSION

For the aforementioned reasons, Plaintiffs and Settlement Class Counsel respectfully request that the Court grant their Motion for Final Approval of Class Action Settlement, overrule Sweeney's objections, and grant the Motion for Attorneys' Fees and Costs.

Dated:  March 11, 2010                                              Respectfully submitted,

GUSTAFSON GLUEK PLLC

By:  s/ Brian L. Williams
Daniel E. Gustafson (#202241)
Brian L. Williams (#23249X)
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone:  (612) 333-8844
Facsimile:  (612) 339-6622

17418

                    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

                    Richard M. Heimann (*pro hac vice*)
                    Michael W. Sobol (*pro hac vice*)
                    Embarcadero Center West
                    275 Battery Street, 30th Floor
                    San Francisco, CA 94111-3339
                    Telephone:  (415) 956-1000
                    Facsimile:  (415) 956-1008

                    Elizabeth A. Alexander (*pro hac vice*)
                    One Nashville Place
                    150 Fourth Avenue, N., Suite 1650
                    Nashville, TN 37219-2423
                    Telephone: (615) 313-9000
                    Facsimile: (615) 313-9965

                    *Attorneys for Plaintiffs and the Proposed Settlement Class*

17418