UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDITH YARRINGTON, ELIZABETH CRAGAN, JULIA CRAIGHEAD and CAROLYN GREEN, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>SOLVAY PHARMACEUTICALS, INC.,<br><br>        Defendant. | No. 09-CV-2261 (RHK/RLE)<br><br>DECLARATION OF BRIAN L. WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND SETTLEMENT CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND COSTS |

I, Brian L. Williams, declare and state:

1. I am licensed to practice law in the State of Minnesota, and am a Member of Gustafson Gluek PLLC ("Gustafson Gluek").

2. I am one of the attorneys representing Plaintiffs in the above-referenced action against Defendant Solvay Pharmaceuticals, Inc. I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Settlement Class Counsel's Motion for Attorneys' Fees and Costs.

3. By its September 18, 2009 and February 12, 2010 Orders (Docket Nos. 14 and 57), the Court required that objections to the Settlement and Settlement Class Counsel's Motion for Attorneys' Fees and Costs be served and filed no later than March 8, 2010. A single objection to the Settlement was filed on January 6, 2010. (Docket No. 28). That objection was withdrawn on January 14, 2010. (Docket No. 30).

17452

4. On February 4, 2010, Lee M. Sweeney ("Lee Sweeney") filed an objection to Settlement Class Counsel's Motion for Attorneys' Fees and Costs. (Docket No. 43). Sweeney is represented by Edward F. Siegel, an attorney described as "one of the nation's most prolific serial objectors." *See Edward Siegel is on a quest to either stop exorbitant lawyer payouts – or score some easy money*, by Rebecca Meiser, *Cleveland Scene*, June 4, 2008.

5. No other objections to Settlement Class Counsel's Motion for Attorneys' Fees and Costs were filed.

6. Plaintiffs served and filed a Notice of Deposition for Lee Sweeney on March 4, 2010. (Docket No. 61). Due to his unavailability, Mr. Siegel informed my office that his colleague, Ed Cochran, would defend Lee Sweeney's deposition.

7. On March 3, 2010, I spoke with Ed Cochran about scheduling Lee Sweeney's deposition. During our conversation, Mr. Cochran informed me that Lee Sweeney's deposition would be held at the Cleveland, OH law office of Francis E. Sweeney, Jr. Mr. Cochran advised me that Francis E. Sweeney, Jr. is Lee Sweeney's son.

8. I subsequently learned that Francis E. Sweeney, Jr. regularly represents objectors in class action lawsuits, and routinely represents objectors as co-counsel with Edward F. Siegel.

9. Attached hereto as Exhibit A is a copy of the Court's March 8, 2010 Order in *In re Wal-Mart Wage and Hour Employment Practices Litig.*, 06-CV-225 (PMP/PAL), District of Nevada. The Court in *In re Wal-Mart* determined that objections filed by the clients of Edward F. Siegel, Francis E. Sweeney, Jr., <u>and</u> Ed Cochran "are not supported

by law or the facts and are indeed meritless." The Court also required *each* objector to post an appeal bond in the amount of $500,000 pursuant to Rule 7 of the Federal Rules of Civil Appellate Procedure.

10. Attached hereto as Exhibit B is a copy of "Objections to Motion for Approval of Common Fund Benefit Attorneys Fees" filed by Edward F. Siegel *and* Francis E. Sweeney, Jr. in *In Medtronic, Inc., Implantable Defibrillators Products Liability Litig.*, 05-1726 (JMR/AJB), District of Minnesota.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March, 2010, Minneapolis, Minnesota.

s/ Brian L. Williams<br>
Brian L. Williams